UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL POLLARD #631074,

                    Plaintiff,                                    Hon. Janet T. Neff

v.                                                               Case No. 1:21-cv-824

UNKNOWN ORTIZ, et al.,

                    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before me on Defendants' Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 23.) Pursuant to this motion, Defendants contend that, with the exception of Plaintiff's claim that Defendant Ortiz refused his requests to have a porter clean up chemical agent in his cell, the Court should dismiss Plaintiff's claims without prejudice as unexhausted. Plaintiff has failed to respond to Defendants' motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **granted** and that Plaintiff's claims against all Defendants, except Defendant Ortiz, be **dismissed without prejudice**.

## I.  Background

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF), filed a complaint against Defendants—several

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

MDOC employees— on September 23, 2021, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at ICF. Plaintiff alleged in his complaint that on June 19, 2020, at approximately 10:13 a.m., he asked Defendant Mawer for his prayer rug, stating that he had not prayed properly since May 27, 2020, when he arrived in segregation. Defendant Mawer denied Plaintiff's request and told him to pray like "regular people." (ECF No. 1 at PageID.6.) Plaintiff responded by taking his food slot "hostage," *see Earby v. Ray*, 47 F. App'x 744, 745 (6th Cir. 2002) (explaining a prisoner's act of taking "his food slot hostage"). Consequently, prison staff used a chemical agent on Plaintiff. Apparently, Plaintiff was also placed in restraints.

Plaintiff alleges that he was not allowed to clean the chemical agent from his cell or to shower. He states that he reported the issue to Defendants Ortiz,[2] Leitheim,[3] Mawer, and other non-Defendant prison staff. Between 12:20 and 12:45 p.m., Defendant Ortiz told Plaintiff that no unit porter would be called in just to clean the chemical agent from Plaintiff's cell and that he would just have to deal with it. (*Id.* at PageID.5.) Subsequently, Defendant Leitheim came to Plaintiff's cell and asked Plaintiff if he wanted to be removed from the restraints. When Plaintiff said "yes," Defendant Leitheim turned to someone else and said that Plaintiff had refused to come out of restraints. (*Id.*) Plaintiff states that during this time, his skin was burning, and that Defendants Ortiz, Leitheim, Mawer, Swanson, Kassa, and Thayer all refused to respond to his requests for help and denied him use of the restroom. Plaintiff alleges that each of these Defendants also lied and said that Plaintiff refused to come out of his restraints. (*Id.*) Plaintiff claims that he was not allowed out of restraints to use the restroom until the third shift personnel came on duty.

---

[2] Plaintiff refers to Defendant Ortiz as "Ortez" in his complaint.

[3] Plaintiff refers to Defendant Leitheim as "Lethum" in his complaint.

(*Id.* at PageID.6.) He claims that Defendants were motivated by a desire to retaliate against him for requesting his prayer rug. (*Id.*)

On March 3, 2022, the Court reviewed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Following this initial review, the Court dismissed Plaintiff's claims against Defendants Unknown Parties, as well as Plaintiff's First Amendment religious freedom and retaliation claims and his Fourteenth Amendment substantive due process claims, for failure to state a claim. (ECF No. 9 at PageID.44–45.) The Court allowed Plaintiff's Eighth Amendment claims to proceed against Defendants Leitheim, Ortiz, Mawer, Swanson, Kassa, and Thayer. (*Id.* at PageID.45.)

## II.   Motion Standard

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which Defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

## III.   Discussion

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to

3

> comply with the grievance procedures will vary from system to system and claim
> to claim, but it is the prison's requirements, and not the PLRA, that define the
> boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of their motion, Defendants attach a Step III Grievance Report dated March 14, 2022, showing grievances that Plaintiff pursued through Step III of the grievance process, for which the Step I grievances were filed in June 2020—the month the incident occurred. (ECF No. 24-3.) Those grievances include ICF-20-06-0855-03d (the 0855 Grievance); ICF-20-06-0858-28i (the 0858 Grievance); ICF-20-06-0857-28b (the 0857 Grievance); ICF-20-06-0856 (the 0856 Grievance); and ICF-20-06-0854-27a (the 0854 Grievance).

### A.     The 0855 Grievance

In this grievance, Plaintiff alleged that Defendant Ortiz refused his request to have a porter clean chemical agent from his cell. (*Id.* at PageID.123.) Plaintiff pursued the 0855 Grievance through all three steps of the grievance process, and it was denied at each step. Defendants do not dispute that the claim set forth in this grievance is fully exhausted.

### B.     The 0857 Grievance

In this grievance, Plaintiff alleged that at 1:30 p.m. on June 19, 2020, Defendant Leitheim went to Plaintiff's cell and asked him if he would like to be released from his restraints, and when Plaintiff "subtly replied 'yes,'" Leitheim turned to someone and said "prisoner refused." Plaintiff also alleged that "[t]he same thing happened with every high ranking officer who came to [his] cell for the shift between 2 p.m. until 10 p.m." (*Id.* at PageID.133.) The grievance was rejected at

4

Step I as vague, and the rejection was upheld at Steps II and III. (*Id.* at PageID.130–2, 134.) Because the MDOC may properly reject a grievance as "vague," and the rejection on this ground was arguably correct, Plaintiff failed to properly exhaust this claim against Defendant Leitheim. *See Vandiver v. Correctional Med. Servs., Inc.*, 326 F. App'x 885, 891 n.3 (6th Cir. 2009) (holding that a grievance rejected as vague did not satisfy the exhaustion requirement).

### C. The 0858 Grievance

In this grievance, Plaintiff alleged that Defendant Mawer violated MDOC policy by refusing Plaintiff's request for a prayer rug. (*Id.* at PageID.128.) The grievance was rejected at Step I because Plaintiff failed to attempt to resolve the issue with staff within two days after becoming aware of it. (*Id.* at PageID.129.) The rejection was upheld at Steps II and III. (PageID.125–27.) This grievance did not exhaust any claim against Defendant Mawer for two reasons. First, the "prayer rug" claim was dismissed on initial screening and is no longer in the case. (ECF No. 9 at PageID.37–38.) Second, because the grievance was rejected for failure to attempt to resolve the issue with staff, Plaintiff failed to exhaust his grievance in accordance with the MDOC's grievance process. *See Jones v. Bonevelle*, No. 2:08-cv-133, 2011 WL 4026986, at *3 (W.D. Mich. Aug. 29, 2011), *report and recommendation adopted*, 2011 WL 4026907 (W.D. Mich. Sept. 9, 2011) (rejection based on the prisoner's failure to attempt to resolve the issue with staff prior to filing the grievance amounted to noncompliance with the MDOC's grievance process).

### D. The 0856 Grievance

In this grievance, Plaintiff complained that non-Defendant PC Jex attempted to remove his TV from his cell as contraband because the serial numbers were altered. Plaintiff alleged that there was nothing wrong with his television before he left general population. (ECF No. 24-3 at PageID.138.) The grievance was rejected as vague/illegible/extraneous at Step I. (*Id.* at

PageID.139.) The rejection was upheld at Steps II and III. (*Id.* at PageID.135–37.) This grievance did not exhaust any claim at issue in this case. Moreover, PC Jex is not a Defendant in this action. Finally, the rejection, which appears valid on its face, renders the grievance not properly exhausted.

### E.    The 0854 Grievance

In this grievance, Plaintiff complained that Defendant Mawer issued him a false misconduct ticket for threatening behavior. (*Id.* at PageID.143.) The grievance was rejected at Step I as non-grievable pursuant to MDOC policy. Instead, Plaintiff was instructed to raise the issue through the rehearing appeal process. (*Id.* at PageID.144.) The rejection was upheld at Steps II and III. (*Id.* at PageID.140–42.) Apart from the fact that Plaintiff has failed to show proper exhaustion of this grievance, the grievance did not exhaust any claim at issue in this action. Although Mawer is a Defendant in this action, Plaintiff has alleged no claim against him based the issuance of a false misconduct ticket.

In light of the foregoing, Plaintiff failed to properly exhaust his remaining claims in this action against Defendants Leitheim, Mawer, Swanson, Kassa, and Thayer. Plaintiff's claim against Defendant Ortiz—his only properly exhausted claim—should be allowed to proceed.

### IV.   Conclusion

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 23) be **granted** and that Plaintiff's claims against Defendants Leitheim, Mawer, Swanson, Kassa, and Thayer be **dismissed without prejudice**.

Dated: March 28, 2023                         /s/ Sally J. Berens
                                             SALLY J. BERENS
                                             U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).