UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL POLLARD,

    Plaintiff,

v.

HECTOR ORTIZ, et al.,

    Defendants.
_____/

Case No. 1:21-cv-824

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant Hector Ortiz filed a Motion for Summary Judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the Court deny the motion (ECF No. 66). The matter is presently before the Court on Defendant's objections to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Defendant first argues that the Magistrate Judge erred in finding that Plaintiff did not raise a new claim in his summary judgment response. In the complaint, Plaintiff alleged that he "was forced to suffer the negative existence elements of chemical agent, by the way of being denied the rights to have the chemical agent cleaned from my cell . . . and denied the rights to shower by Defendant Ort[i]z, in which Plaintiff reported the matter to Defendant Ort[i]z among the other herein defendants" (ECF No. 1 at PageID.5). At his deposition, Defendant testified that he was

actually permitted to shower immediately after the chemical agent was deployed but that he was denied a second shower when the chemicals agents were still on his body. (ECF No. 59-2 at PageID.280). Defendant says this is a new claim.

While it is a close call, the Court agrees with the Magistrate Judge's analysis. Defendant had "fair notice of what the . . . claim [wa]s and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff alleged that Defendant violated the Eighth Amendment by denying Plaintiff's requests to shower and clean his cell of chemical agents while he remained in restraints in the cell for several hours. Furthermore, the Court is not convinced that Defendant will "suffer significant and irreparable prejudice if this portion of the R&R stands" (ECF No. 67 at PageID.400). If Defendant believes he needs additional discovery, he may file a new motion that will be addressed by the Magistrate Judge in the first instance.

Defendant also argues that the Magistrate Judge erred in finding that he is not entitled to qualified immunity. First, Defendant argues that Plaintiff did not carry his burden to show that he is not entitled to qualified immunity. Second, he argues that the Magistrate Judge did not cite any binding precedent showing that the law was clearly established.

The Court discerns no error in the Magistrate Judge's analysis. The Magistrate Judge correctly concluded that questions of fact remain and that prolonged exposure to a chemical agent can violate the Eighth Amendment. It is clearly established that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement . . . if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). In *Berkshire v. Dahl*, 928 F.3d 520, 538 (6th Cir. 2019), the Sixth Circuit held that the defendant had fair notice

that denying the plaintiff a bathroom break and forcing him to lay in his own urine and feces for several hours without a penological purpose could rise to the level of an Eighth Amendment violation. In this Court's view, *Berkshire* is sufficient to show that Defendant Ortiz had fair notice that his alleged conduct in this case violated the Eighth Amendment.

In sum, Defendant's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 67) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 66) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 58) is DENIED.

Dated:  July 8, 2024                               /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge